**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY,<br><br>                                Plaintiff,<br><br>     v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>                                Defendant. | Case No. 22-cv-1943-BAS-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 20)** |

Before the Court is Plaintiff's motion for leave to file a first amended complaint. (Mot., ECF No. 20.) Defendant opposes (Opp., ECF No. 23), and Plaintiff replies (ECF No. 24). Having considered the parties' filings, the Court **GRANTS** Plaintiff's Motion.

**I.     BACKGROUND**

In this subrogation action, Plaintiff, an insurance company, sues Defendant to recover funds paid to its insured. (Compl. ¶¶ 1–2, Ex. A to Cools Decl., ECF No. 1-2.) On February 10, 2022, the insured individual's home sustained extensive fire and smoke damage. (*Id.* ¶¶ 5, 13.) Plaintiff alleges that the damage was due to the insured individual's 2020 Land Rover vehicle ("Subject Vehicle"), which allegedly failed and started a fire. (*Id.* ¶ 3.)

    Plaintiff filed its Complaint in state court, and Defendant removed to federal court. (ECF No. 1.) Defendant then answered (ECF No. 2), and the parties proceeded to discovery. The Magistrate Judge issued a scheduling order (ECF No. 13), which was subsequently amended (ECF No. 18). The amended scheduling order sets an April 24, 2023 deadline to amend the pleadings. (*Id.*) On April 19, 2023, Plaintiff moved to amend its Complaint to add three new defendants—Jaguar Land Rover Limited, the Holman Group, and Synes Cadillac, Inc. (ECF No. 20.)

## II. LEGAL STANDARD

    Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs consideration of the present motion for leave to amend.[1] "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Further, "[t]his liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

## III. ANALYSIS

    "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But the court need not grant leave where the amendment: (1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, (4) is futile, or (5) follows other amendments. *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

---

[1] When an amendment requires modification of a scheduling order, Rule 16(b) also applies. Fed. R. Civ. P. 16(b)(4). But in this case, Plaintiff filed its Motion prior to the scheduling order's pleading amendment deadline. (ECF Nos. 18, 20.) As a result, Rule 16(b) does not apply, and the Court considers Plaintiff's Motion under Rule 15(a) alone.

In this case, Plaintiff seeks to add three new parties to the litigation. It submits that the proposed amendment is based on "new information that Plaintiff has learned since the filing of its original complaint." (Mot. 2.) It further asserts that Defendant "only recently, on April 3, 2023, [] in its discovery responses raised a defense that the cause of the fire could be related to a failure to maintain," which "necessit[ated] the need to amend to add the new parties." (*Id.* at 8.) Defendant contests these factual assertions. (Opp. 4.) In particular, Defendant asserts Plaintiff "had all information necessary to identify the manufacturer of the Subject Vehicle prior to filing this lawsuit" and Plaintiff's suggestion that Defendant raised a failure to maintain defense for the first time in discovery "is simply not correct." (*Id.* at 4–5.)

Defendant, however, does not explain how these factual quibbles affect the factors relevant to a motion to amend. Even if Plaintiff could have identified the parties earlier, the Court discerns no prejudice to Defendant, bad faith, undue delay in litigation, futility, or previous amendments. Defendant is "opposed to leave being granted premised on the suggestion or claim that [Defendant] has sandbagged or failed to disclose information that was uniquely within [Defendant's] knowledge or control." (*Id.* at 5–6.) But Rule 15(a) does not require Plaintiff to show sandbagging or a failure to disclose. In the absence of prejudice to Defendant, bad faith, undue delay, futility, and other amendments, Rule 15(a) requires the Court to freely grant leave. *See Eminence Cap.*, 316 F.3d at 1053. As such, the Court finds no reason to deny leave under Rule 15's extremely liberal standard.

### IV. CONCLUSION

The motion for leave to file a first amended complaint (ECF No. 20) is **GRANTED**. Plaintiff must file a first amended complaint on or by **August 14, 2023**.

**IT IS SO ORDERED.**

**DATED: July 31, 2023**

Hon. Cynthia Bashant
United States District Judge